IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CODY F. ELLERMAN,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Civil No.  13-cv-063-CJP[1] |
| | ) |
| **J. S. WALTON** | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM and ORDER

**PROUD, Magistrate Judge:**

Cody F. Ellerman filed a petition for writ of habeas corpus under 28 U.S.C. §2241, (Doc. 1).  In 2004, he pleaded guilty to a charge of being a felon in possession of a firearm in the Western District of Louisiana.  Because he had three prior state convictions for "serious drug offense[s]", he was sentenced as an armed career criminal (ACC) under 18 U.S.C. §924(e).  He was sentenced to 262 months imprisonment.

Ellerman argues that he should not have been sentenced under §924(e) because his prior state drug convictions did not have maximum prison terms of ten years and therefore do not qualify as serious drug offenses under §924(e)(2)(A)(ii).  Respondent argues that Ellerman is precluded from bringing a §2241 petition.

## Relevant Facts and Procedural History

---

[1] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. §636(c).  See, Doc. 32.

Ellerman's prior drug convictions occurred in the State of Kansas in 1999 and 2000. He was convicted in two separate cases of a total of four counts of sale of marijuana, a level 3 felony. Doc. 1, Ex. A.

He was sentenced on his federal charge on August 5, 2004. The transcript of the sentencing hearing is at Doc. 19, Ex. E. The Kansas drug convictions were the predicate for application of §924(e). His attorney did not object to the ACC enhancement on the basis that the Kansas drug convictions did not qualify as serious drug offenses.

Petitioner did not file a direct appeal. In August, 2006, he filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. §2255 in the Western District of Louisiana. The District Court denied the motion as untimely. Doc. 1, Ex. B. Ellerman attempted to appeal that decision, but his appeal was dismissed because his notice of appeal was untimely. Doc. 19, Ex. G & H.

Ellerman then filed four motions in the Western District of Louisiana, which the District Court construed as successive §2255 motions. The District Court transferred the motions to the Fifth Circuit Court of Appeals as Ellerman had not been granted leave to file a second or successive §2255 petition. Doc. 1, Ex. C. The Fifth Circuit denied him leave to file a second or successive §2255 petition. Doc. 19, Ex. K.

Lastly, Ellerman has filed a previous §2241 petition in this District in which he raised the same claim as he raises here. See, *Ellerman v. Hollingsworth,* Case No. 10-cv-860-GPM. That petition was dismissed with prejudice on December 14,

2

2010, because Ellerman did not come within the savings clause of §2255(e) and was therefore precluded from challenging his sentence in a §2241 petition. Case No. 10-cv-860-GPM, Doc. 3. Ellerman did not appeal.

### Applicable Legal Standards

Generally, petitions for writ of habeas corpus under 28 U.S.C. §2241 may not be used to raise claims of legal error in conviction or sentencing, but are limited to challenges regarding the execution of a sentence. See, **Valona v. United States**, 138 F.3d 693, 694 (7th Cir.1998).

A federally convicted person may challenge his conviction and sentence by bringing a motion pursuant to 28 U.S. C. §2255 in the court which sentenced him. Indeed, a §2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." **Kramer v. Olson**, 347 F.3d 214, 217 (7th **Cir. 2003**). However, the statute generally limits a prisoner to *one* challenge of his conviction and sentence under §2255. A prisoner may not file a "second or successive" motion unless a panel of the appropriate court of appeals certifies that such motion contains either 1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or 2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. §2255(h).

It is possible, under very limited circumstances, for a prisoner to challenge his federal conviction or sentence under §2241. 28 U.S.C. §2255(e) contains a

"savings clause" which authorizes a federal prisoner to file a §2241 petition where the remedy under §2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). See, **United States v. Prevatte, 300 F.3d 792, 798–99 (7th Cir.2002)**. "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." **In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998)**

The Seventh Circuit has explained that, in order to fit within the savings clause following **Davenport,** a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first §2255 motion *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. **Brown v. Caraway, 719 F.3d 583, 586 (7th Cir. 2013).** See also, **Brown v. Rios, 696 F3d 638, 640 (7th Cir. 2012).**

## Analysis

This Court cannot entertain Ellerman's petition.

In the first place, Ellerman has already filed a §2241 petition in this District raising the same claim as he raises here. That petition was dismissed with prejudice. *Ellerman v. Hollingsworth,* Case No. 10-cv-860-GPM. He did not

4

appeal.  Therefore, the present petition must be dismissed.  28 U.S.C. §2244(a).

In addition, the present petition does not fit within the savings clause of 28 U.S.C. §2255(e).  In order to fit within the savings clause. the remedy provided by §2255 must be "inadequate or ineffective to test the legality of his detention."

Petitioner's claim that his Kansas drug convictions were not "serious drug offenses" because they did not carry maximum terms of ten years or more is a claim that he could have brought on direct appeal or in his §2255 motion.  In fact, he did raise the issue in his objections to the magistrate judge's Report and Recommendation on his initial §2255 motion.  See, *U.S. v. Ellerman*, Case No. 02-cr-10029-DDD-JDK, W.D. La., Doc. 55.

In order to show that §2255 is inadequate, a petitioner must "first show that the legal theory he advances relies on a change in law that both postdates his first §2255 motion (for failure to raise a claim the first time around does not render §255 'inadequate') and 'eludes the permission in section 2255 for successive motions.'" **Kramer v. Olson, 347 F.3d 214, 217 (7th Cir. 2003), citing Davenport, 147 F.3d at 611.**  Where the claim being advanced in the §2241 petition could have been, or was, advanced in a prior §2255 motion, the remedy offered by §2255 is not inadequate or ineffective.  **Taylor v. Gilkey, 314 F.3d 832, 835-836 (7th Cir. 2002); Davenport, 147 F.3d at 609.**

The fact that Ellerman's §2255 motion was dismissed because it was not timely-filed does not make the remedy offered by §2255 inadequate or ineffective.  "A prisoner cannot be permitted to lever his way into section 2241 by *making* his

section 2255 remedy inadequate….." ***Morales v. Bezy*, 499 F.3d 668, 672 (7th Cir. 2007)(emphasis in original).**

Ellerman tries to get around the fact that he is not relying on a change in the law by citing ***Begay v. United States*, 128 S. Ct. 1581 (2008)**. ***Begay*** did, of course, postdate his first §2255 motion, but it is not relevant to his argument about his Kansas state convictions.

***Begay*** addressed the application of the ACC enhancement under 18 U.S.C. §924(e)(1), but not in a way that applies to Ellerman's claim. A defendant can be sentenced under §924(e) if he has three prior convictions for "a violent felony or a serious drug offense, or both…." Ellerman's enhanced sentence was based on prior convictions for drug offenses. ***Begay*** changed the analysis of whether a prior conviction constitutes a *crime of violence* for purposes of §924(e)(1). The case had nothing at all to do with the question of whether a crime constitutes a *serious drug offense* for purposes of §924(e).

18 U.S.C. §924(e)(2)(A)(2) defines "serious drug offense." For a person such as petitioner, whose prior crimes were violations of state law, a serious drug offense is defined as:

> an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law.

§924(e)(2)(A)(2)(ii). Ellerman has not identified a case which changed the way that section of the statute is applied. Therefore, he fails to meet the first of the

6

***Davenport*** requirements because he is not relying on a change in the law that occurred after his initial §2255 motion.

In his amended replies, Docs. 28 and 33, petitioner also cites ***Brown v. Caraway*, 719 F.3d 583 (7th Cir. 2013)**, and ***Descamps v. Unites States*, 133 S. Ct. 2276 (2013)**. These cases are no more applicable than ***Begay*** because, like ***Begay***, they concern only the definition of violent felony under the ACCA, and not the definition of serious drug offense.

Petitioner also cites ***U.S. Robinson*, 639 F.3d 489 (8th Cir. 2011)**, for the proposition that the "categorical approach" of ***Begay*** applies to the definition of a drug offense. However, ***Robinson*** involved the definition of "controlled substance offense" under the career offender enhancement of §4B1.1 of the U.S. Sentencing Guidelines. That definition is completely different from the definition of "serious drug offense" under §924(e), and the case is of no relevance here. ***Robinson*, 639 F.3d at 495.**

In Docs. 24 & 27, Ellerman argues that he is relying on a change in the law because the claim that he is "actually innocent" of his sentence, rather than of his conviction, was not available to him until the Seventh Circuit decided ***Narvaez v. U.S.*, 674 F.3d 621 (7th Cir. 2011)**. He is correct that, under current law, a "fundamental sentencing defect" can be addressed in a §2241 petition. See, ***Brown v. Caraway*, 719 F.3d 583, 587 (7th Cir. 2013)**. However, this argument misses the mark. ***Brown*** still requires the petitioner to meet all three of the ***Davenport*** requirements. ***Brown,* 719 F.3d at 588**. The assertion that he

7

is "actually innocent" of his sentence, as opposed to the crime of which he was convicted, goes only to the third of the **Davenport** factors. Ellerman's insurmountable problem is that he cannot meet the first requirement, i.e., that his claim for habeas relief relies on a change in the law that postdates his first §2255 motion.

Lastly, the Court notes petitioner's citation of **McQuiggin v. Perkins, 133 S.Ct. 1924 (2013).** **McQuiggin** holds that a petitioner who asserts a credible claim of actual innocence may be able to overcome the statute of limitations for filing a petition for habeas relief under 28 U.S.C. §2254. That case does not apply here. First, **McQuiggin** discussed only a claim of actual innocence of the conviction, and held that the petitioner must still meet the "demanding" standard of **Schlup v. Delo, 115 S.Ct. 851 (1995)**, which Ellerman cannot do. **McQuiggin, 133 S. Ct. at 1936**. Further, the impediment to Ellerman's §2241 petition is not that it was not timely-filed; it is that he does not meet the substantive **Davenport** criteria for bringing a §2241 petition.

## Conclusion

Cody F. Ellerman's Petition for a Writ of Habeas Corpus Under 28 U.S.C. §2241 is **DISMISSED WITH PREJUDICE**. The Clerk of Court shall enter judgment accordingly.

**IT IS SO ORDERED.**

**DATE: January 10, 2014.**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**